QUINCE, C.J.,
concurring.
I agree with the resolution of this case, but wish to express my concern with the tactics the Martin County Sheriffs Office employed during its interrogation of McWatters.
McWatters was met at a restaurant and given a Miranda warning based on a charge unrelated to the murders and sexual batteries. McWatters asked to speak to Detective Dougherty at this time. He was purposely not interrogated, but, instead, was transported to the Sheriffs Office and placed in a room containing evidence from the murders. After some time, the officers told him that he had been mistakenly placed in the room, and escorted him through the Sheriffs Office, past witnesses related to the murder investigations. Finally, McWatters was taken to an interrogation room, where he confessed.
When McWatters was given his Miranda warning, he was adequately and effectively apprised of his rights, which he waived by asking to speak with Detective Dougherty. A relatively short delay did not render the warning or the waiver ineffective. However, the United States Supreme Court has acknowledged that there are eases in which a defendant can argue “a self-incriminating statement was ‘compelled’ despite the fact that the law enforcement authorities adhered to the dictates of Miranda.” Missouri v. Seibert, 542 U.S. 600, 609, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004) (plurality opinion) *646 (quoting Berkemer v. McCarty, 468 U.S. 420, 433 n. 20, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984)). While I do not believe this to be one of those cases, the tactics law enforcement used in this case border dangerously close to what is impermissible.
The Supreme Court explained that the purpose of a Miranda■ warning is to give a criminal defendant adequate and effective knowledge of his or her constitutional right against self-incrimination. See Seibert, 542 U.S. at 611, 124 S.Ct. 2601 (addressing the constitutionality of a strategy in which law enforcement would get suspects to confess, read them their rights, and then walk them through their confession for the purpose of using it against them at trial). In Seibert, the Supreme Court held that the tactic designed “to get a confession the suspect would not make if he understood his rights” was unconstitutional. Id. at 613, 124 S.Ct. 2601. Such strategies not only undermine Miranda warnings, but thwart the purpose of reducing the risk of coerced confessions. Id. at 616-17, 124 S.Ct. 2601.
At trial, Detective Dougherty admitted that the psychological ruse used in this case was designed to keep McWatters from invoking his rights. I reserve judgment as to whether this strategy would have been constitutional if McWatters had not voluntarily waived his rights prior to the tactic being fully implemented. However, a strategy intended to discourage defendants from invoking their rights comes to the very edge of what is constitutionally permissible, and runs the very real risk of circumventing the constitutional protections afforded by Miranda warnings. In light of this, I would discourage the use of interrogation tactics like those employed here.